Alan GOLDSCHMIDT and Ethel
Goldschmidt, Plaintiffs,

v.

Nelson Bunker HUNT, et al.,
Defendants.

Civ. A. No. 3–78–1334–H.

United States District Court,
N.D. Texas,
Dallas Division.

Jan. 25, 1983.

Jay M. Vogelson, Moore & Peterson, Dallas, Tex., for plaintiffs.

Robert B. Cousins, Jr., Shank, Irwin, Conant & Williamson, Dallas, Tex., for defendants.

ORDER

SANDERS, District Judge.

This matter is before the Court on Defendants' Motion to Dismiss, filed May 1, 1979. On September 17, 1982, this Court denied Defendants' motion to dismiss insofar as it sought dismissal on the theory that no private right of action exists under the Commodities Exchange Act, 7 U.S.C. § 1 *et seq.* ("CEA"). However, this Court reserved decision at that time concerning Defendants' motion to dismiss insofar as it sought dismissal on the theory that the CEA grants exclusive jurisdiction to the Commodities Futures Trading Commission over commodity futures transactions, thereby preempting the claims Plaintiffs assert under Sections 1 and 2 of the Sherman Act, 15 U.S.C. § 1 and § 2, and on the alternate theory that Plaintiffs lack standing to bring an antitrust action under the Sherman Act. After reviewing Defendants' motion, the memoranda submitted by the parties, and the applicable law, the Court is of the opinion that Defendants' motion to dismiss based upon these additional theories should be denied.

Defendants raised these same two theories in *Strax v. Commodities Exchange, Inc.,* 524 F.Supp. 936 (S.D.N.Y.1981) and *Liang v. Hunt,* 477 F.Supp. 891 (N.D.Ill. 1979). While the Court in *Liang* did not reach the issue of whether the antitrust claims were preempted by the CEA, it did conclude that plaintiffs, persons who had purchased soybean futures contracts, lacked standing to assert claims under the Sherman Act because they were not "direct purchasers" as required by *Illinois Brick Co. v. Illinois,* 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977).

In *Strax,* on the other hand, the Court reached the preemption issue and concluded that the CEA does not preempt antitrust claims brought against commodity futures trading practices specifically prohibited by the CEA. *Id.,* 524 F.Supp. at 940–941. The *Strax* court specifically endorsed the extensive analysis of the relevant legislative history undertaken by Judge Pierce in *Pollock v. Citrus Associates,* 512 F.Supp. 711 (S.D. N.Y.1981), in which Judge Pierce concluded:

Congress intended that antitrust claims be allowed against brokers and traders operating in the commodity futures markets. Further, there is no indication that Congress intended a private right of action under CEA to be an exclusive remedy for price manipulation.

*Pollock,* 512 F.Supp. at 717 (footnote omitted).

The *Strax* court also decided that purchasers of commodity futures contracts have standing to assert antitrust claims against persons alleged to have manipulated the prices of those contracts. The court based this conclusion on the distinction between indirect purchasers in a vertical chain (who were denied standing in *Illinois Brick Co., supra*) and purchasers of futures contracts who trade in the very market which defendants are alleged to manipulate. Again, the *Strax* court endorsed Judge Pierce's treatment of the issue in *Pollock, supra.*

 This Court is of the opinion that Plaintiffs have standing to assert antitrust claims under the Sherman Act and that those claims are not preempted by the CEA.

Accordingly, Defendants' May 1, 1979, Motion to Dismiss is DENIED.

SO ORDERED.